# United States District Court
# District of Massachusetts

A# 027 358 440
Sohan Bun
(Petitioner)

V.

Petition for a writ of Habeas Corpus
pursuant to 28 U.S.C 2241. by person
subject to indefinite Immigratin detention.

(Respondent)
Thomas Hodgson

## Background

Petitioner, Sohan Bun , hereby petition this court for a writ of habeas corpus to remedy petitioner's unlawful detention, and to enjoin Petitioner's continued unlawful detention by respondent. In support of this petition and complaint for injunctive relief, petitioner alleges as follows:

## Parties

Petitoner, is a native of Cambodia and citizen of Thailand. Was taken into Custody on 12/20/2016 and was formerly issued a final order of removal from the United States on 11/22/2017 . Petitioner is currently detained at Bristol County Sheriff's Office (B.C.S.O) @ 400 Faunce corner road in North Dartmouth, MA. 02747. Petitioner has been continuosly detained by the Bureau of Immigration and Custom Enforcement (ICE) for over 6 months prior to date of final order.

Respondent is the Warden of B.C.S.O as such respondent is responsible for the operationof the B.C.S.O facility where petitioner is being detained. ICE contracts with state prison such as B.C.S.O to house immigration detainees such as petitioner, Respondent has immediate physical custody of petioner.

## Jurisdiction

This action arises under the Constitution of the United States, 28 U.S.C.&2241 (c)(1), and the Immigration an Nationality Act, as amended ("INA"), 8 U.S.C.& 1101 et seq. This court has subject matter jurisdiction under 28 U.S.C.2241, Art. I&9,cl.2 of the United States Constitution ("**Suspension Clause**"), and 28 U.S.C.&1331, as the petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws of treaties of the United States. See **Zadvydas v. Davis**, 533 U.S 678,688 (2001)("We conclude that &2241 habeas corpus proceedings remain available as a forum for statutory and constitutionally challenges to post-removal-period detention") ; INS v. St Cyr, 533 U.S 289, 301(2001) ("at its historical core, the writ of habeas corpus has served as a means of reviewing the legalityof executive detention, and it is in the context that its protections have been strongest.") ; **Clark v. Martinez**, 543 U.S. 371 (2005)( holding that Zadvydas applies to aliens found inadmissible as well as removable).

## Venue

Venue lies in the District of Massachusetts because ,Petitioner, is currently detained in the territorial jurisdiction of this Court, at B.C.S.O 28 U.S.C.&1391.

## Exhaustion of Remedy

Petitioner, has exhausted his adminstrative remedy to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court decision in **Zadvydas**, the department of Justice issued regulations governing the custody of aliens ordered removed, See C.F.R.&241.4. Petitioner, received final order of removal on 11/22/2017 and was released on an Order of Supervision on his "90-day" review. 5/24/2018, petitoner was taken back into custody of I.C.E 6/19/2018. I.C.E Headquarters Post-Detention Unit ("**HQPDU**") informed petitioner that it would continue to keep him in custody "pending the issuance of a travel document" despite having been detained for six-months after a final order of removal. The custody review regulations do not provide for appeal from a **HQPDU** custody review decision. See 8 C.F.R.&241.4(d).

## Statement of Facts

Petitioner, Sohan Bun, is a native of Cambodia and citizen of Thailand and was admitted to the United States on or about 1984 as a Refugee along with his family. His status was adjusted to that of a lawful permanent resident soon after his arrival in the U.S.

Petitioner, Was taken into Custody on 12/20/2016 and was formerly issued a final order of removal from the United States on 11/22/2017. Petitioner, is currently detained at Bristol County Sheriff's Office (B.C.S.O) @ 400 Faunce Corner Road in North Dartmouth, MA. 02747.

Petitioner, Has strong family ties to the United States and does not pose a flight risk. **Kianni T. Bun** (Sister U.S.C), **Savee Bun** (Sister U.S.C), **Savoeun Sam** (Mother Permanent Resisent), **Fidell M. Bun** (Son 13, U.S.C), **David M. Bun** (Son 10, U.S.C) **Destiny A. Vangpa** (Daughter, 8 U.S.C) and many other family members who are of legal resident and U.S.C.

Petitioner, will not pose a danger to society, He has made extensive progress in his process of change. By first obtaining his G.E.D and taking all the necessary means to better himself as a son, father, brother, person in society. He plans to do this by, being accounted by and to his family. Petitioner has many skill sets to embody him to obtain full time employment.

Petitioner, in 2015 was charged with the possession of a firearm, and was sentenced to serve 2 years of incarceration with 3 years of probation. Out of the 2 years he did only 18 months because of his excellent behavior and was paroled to the custody of I.C.E.

Petitioner, while under the custodial supervision of the Massachusettes Department of Correction, made effort to change his behavior to come out and be a productive member of society by: Learned to accept responsibilities for his action and stop blaming others for his shortcomings, graduating from the Arc. program to help him better deal with life on life's terms, graduated from parenting class, and also received his G.E.D.

Petitioner, has 3 children that he is financially responsible for. His family has endured many hardships which includes physical, emotional, and financial deprivation, everyone from his mother to his youngest child due to his incarceration and detention. His elderly mother is currently in a nursing home, and want nothing more than to see her only son doing well. He would also like the chance to help care for her as he was doing when he was out.

## Statement of Facts Cont.

I.C.E on the week of April 25th brought, Petitioner, to meet with the government of Cambodia, at York County Prison, @ York Pa., for an interview process in which he fully complied.

Petitioner, Upon his "90-day" review held on or about 2/22/18 and was released from custody on an order of Supervision 5/24/18 for 3 weeks, then taken back into custody . I.C.E decided to keep him in custody pending the issuance of a travel document.

I.C.E made claims that on 6/18/18, the government of Cambodia has issued the petitioner's document of travel to be removed from the United States, and said that there is a high chance of removal but not definite.

Petitioner, has fully complied with all of I.C.E's efforts in the process or removal proceedings. Has cooperated in providing I.D documents, fingerprint biometrics, other informations that's needed by I.C.E, also the process in the application for travel documents.Petitioner, also tries to contact the Cambodian Embassy in Washington D.C to no avail.

## Legal Framework of Relief

In Zadvydas, the Supreme Court held that 8 U.S.C.&1231(a)(6), when" read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States". 533 U.S. at 689. A" habeas court must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal". **Id.** at 699-700

In determining the length of a reasonable removal period, the court adopted a "presumptively reasonable period of detention" of six months. **Id.** at 701 . after six months, the government bears the burden of disproving an alien's" good reason to believe that there is no significant likelihood of removal in the reasonably foresseable future". **See Zhou v. Farguharson**, 2001 U.S Dist. Lexus 18239, *2-*3 (D. Mass. Oct. 19, 2001)(quoting and summarizing **Zadvydas**). Moreover," for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future' conversely would have to shrink". **Zadvydas**, 533 U.S at 701. I.C.E's adminstrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. **See** 8 C.F.R.&241.4(k)(2)(ii).

An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. **See Agbada v. Jonh Ashcroft**, 2002 U.S. Dist. Lexis 18239 (ordering that the writ of habeas corpus issue within 60 days, given petitioner's paperwork from China was on its way); **Abadu v. Ashcroft**, 2002 U.S. Dist. Lexis 19050 at *7 (W.D. Wash. February 28,2002)(government's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likelihood of petitioner's removal in the reasonably foreseeable future).

# Claims For Relief

***Count 1: Statutory Violation-*** Petitioner's continued detention by the respondent violates 8 U.S.C.&1231(a)(6), as interpreted in **Zadvydas**. Petitioner's six-months presumtively reasonable period for continued removal efforts passed more than 1 month ago. Petitioner's removal to Cambodia is not reasonably foreseeable. The Supreme Court held in **Zadvydas**, that the continued detention of someone after six-months where deportation is not reasonably foreseeable is unreasonable and in violation of 8 U.S.C.&1231(a). 533 U.S. at 701.

***Count 2: Substantive Due Process-***Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. **See**, e.g., **Tam v. INS**, 14 F. Supp. 2d 1184 (E.D. Cal 1998) (Aliens retain substantive due process rights). The due process Clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. **See Reno v. Flores**, 507 U.S. 292, 301 -2(1993). While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if petitioner cannot be deported. The Supreme Court in **Zadvydas**, Thus interprets 8 U.S.C.&1231(a) to allow continued detention only for a period reasonbly necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest--to effect the alien's removal. **See Kay v. Reno**, 94 F. Supp. 2d 546, 551 (M.D. Pa. 2000)(granting writ of habeas corpus because petitioner's substantive due process rights were violated, and noting that "If deportation can never occur, the government 's primary legitmate purpose in detention--executing removal-nonsensical.

***Count 3: Procedural Due Process Violation-*** Under the Due Process Clause of the United States Constitution, an alien is entitle to a timely and meaningful opportunity to demonstrate that he should not be detained. The petitioner in this case has been denied that opportunity as there is no administrative michanism in place for the petitioner to demand a decision, or ensure that a decision will ever be made, or appeal a custody decision that violates **Zadvydas**.

# Prayer of Relief

Wherefore, Petitioner prays that this Court grant the following relief:

- 1) Assume jurisdiction over this matter;

- 2) Grant Petitioner a writ of habeas corpus directing the respondent to immediately release the petitioner from custody, under reasonable conditions of supervision until removal is possible;

- 3) Order respondents to refrain from transferring the petitioner out of the jurisdiction of the I.C.E Boston district Director during the pendency of these proceedings and while the petitioner remains in respondents custody; and grant any other further relief which this court deems just and proper.

I affirm under the penalty of perjury, that the foreging is true and correct to my knowledge.

Respectfully submitted this_____, day of _____.

X_____
#A 027 358 440
Dar ICE-B
Detainee I.D 187685
Bristol County Sheriff's Office
400 Faunce Corner Road
North Dartmouth, MA. 02747

# Certificate Of Service

I hereby submit this certificate of Service with the attached writ of habeas corpus *pro se*, via certified mail to the following parties:

- ## Clerk's Office
  John Joseph Moakley U.S. Courthouse
  1 courthouse way  Suite 2300
  Boston, Ma. 02210

- ## Office Of Attorney
  JOhn Joseph Moakley U.S. Courthouse
  1 courthouse way Suite 9200
  Boston, Ma. 02210